# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LUCILLE TAGLIERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. |
| HORSESHOE HAMMOND, LLC, d/b/a, | ) |
| HORSESHOE CASINO, | ) |
| an Indiana Limited Liability Company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, LUCILLE TAGLIERE, by her counsel, Jason M. Kleinman and Whitney L. Barr, and for her Complaint against Defendant HORSESHOE HAMMOND, LLC, d/b/a HORSESHOE CASINO, states as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1. This is a personal injury action arising out of the injuries and damages suffered by Plaintiff, Lucille Tagliere ("Lucille"), on and after November 8, 2020. On November 8, 2020, Lucille tripped and fell over a raised electrical outlet on the floor of Horseshoe Casino in Hammond, Indiana. As a result of her fall at Horseshoe Casino, Lucille suffered serious injuries and necessitated substantial medical treatment.

### Parties

2. Plaintiff Lucille Tagliere ("Lucille") resides at 3829 Wesley Avenue, Berwyn, Cook County, Illinois 60402.

3. Defendant Horseshoe Hammond, LLC, d/b/a Horseshoe Casino ("Horseshoe"), is an Indiana limited liability company that owns and/or operates a casino located at 777 Casino Center Drive Hammond, Lake County, Indiana 46320 (the "Casino").

## Jurisdiction and Venue

4. Jurisdiction in this case arises under 28 U.S.C. § 1332, based on diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (a) and (c) because Defendant Horseshoe conducts business and sales activity in this judicial district, and thus are subject to personal jurisdiction in this judicial district.

## Factual Background

6. On or about November 8, 2020, at approximately 10:00 p.m., Lucille was a lawful guest of the Casino.

7. On or about November 8, 2020, Lucille stood up from the slot machine she was using to walk to the restroom, whereupon she tripped over a raised electrical outlet that had been left out on the Casino floor after slot machines in that area were relocated to another part of the Casino.

8. Lucille fell forward and knocked her head on the ground. Lucille briefly fell unconscious.

9. Shortly after Lucille regained consciousness, she was approached by Defendant Horseshoe's head of safety who asked if she was okay. The head of safety asked Horseshoe maintenance employees how long the raised electrical outlet had remained on the ground after the slot machines were relocated. Horseshoe maintenance reported that the outlet remained on the

Casino floor for approximately thirty (30) minutes after the machines were moved. Casino employees then assisted Lucille to a wheelchair.

10. The next day, on November 9, 2020, Lucille presented at MacNeal Hospital in Berwyn, Illinois to obtain medical treatment for the injuries she sustained as a result of her fall at the Casino.

11. As a direct and proximate result of falling over the raised electrical outlet that had been left out on the Casino floor, Lucille sustained several injuries to her back, necessitating substantial medical treatment.

## COUNT I
## NEGLIGENCE

12. Lucille reasserts and realleges paragraphs 1-11 of the General Allegations as her paragraph 12 of Count I as though fully set forth herein.

13. At all times relevant herein, Defendant Horseshoe, as the owner and/or operator of the Casino, had a duty to exercise reasonable care to keep the common areas of the property in a reasonably safe condition. Defendant's duty extended to any person lawfully on the premises, including Lucille.

14. At all times relevant herein, Defendant Horseshoe knew or should have known individuals, such as Lucille, who were lawfully on the property, would be walking on the Casino floor, where the raised electrical outlet was left unattended, unmarked, and unbarricaded.

15. At all times relevant herein, Defendant Horseshoe knew or should have known that individuals, such as Lucille, who were lawfully on the property, would have difficulty seeing the raised electrical outlet or that they may have been distracted from noticing the raised electrical outlet.

16. Notwithstanding its aforesaid duty, Defendant Horseshoe carelessly and negligently committed one or more of the following wrongful acts or omissions:

    (a)    Failed to remove the raised electrical outlet from the ground; and/or,

    (b)    Failed to warn patrons of the dangerous condition of the raised electrical outlet; and/or,

    (c)    Failed to barricade or otherwise mark the raised electrical outlet; and/or,

    (d)    Failed to otherwise remedy the condition of the raised electrical outlet on the Casino floor.

17. As a direct and proximate result of one or more of the foregoing acts or omissions, Lucille was caused and did suffer serious injuries including: pain, suffering, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitation, and other medical services and treatments. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff, LUCILLE TAGLIERE, demands judgment against Defendant HORSESHOE HAMMOND, LLC, d/b/a HORSESHOE CASINO in an amount in excess of $75,000.00, plus cost of suit.

                                              LUCILLE TAGLIERE

By: /s/ Jason M. Kleinman
       One of Plaintiff's Attorneys

Jason M. Kleinman (ARDC No. 6280376)
Whitney L. Barr (ARDC No. 6340077)
DAVID A. AXELROD & ASSOCIATES, P.C.
20 S. Clark Street, Suite 1800
Chicago, IL 60603
(312) 782- 4600
(312) 782-3015 (Fax)
jkleinman@axelrodpc.com
wbarr@axelrodpc.com